UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLYMATIC CORPORATION,
an Illinois corporation,
        Plaintiff,

No. 1:09-cv-311

-v-

HONORABLE PAUL L. MALONEY

THOMPSON MEAT MACHINERY,
an Australian family partnership,
        Defendant.

ORDERING DEFENDANTS TO SHOW CAUSE WHY THE CASE SHOULD NOT BE
REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION

      Hollymatic Corporation sued Thompson Meat Machinery in circuit court in Kent County, Michigan. Thompson Meat Machinery filed a notice of removal asserting diversity of citizenship as a basis for federal jurisdiction. For the reasons that follow, this Court concludes Defendant Thompson Meat Machinery has not yet alleged sufficient facts, nor presented sufficient evidence to support diversity removal jurisdiction.

      Federal courts have an obligation to raise subject matter jurisdiction *sua sponte* where jurisdiction is not clear. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("no court can ignore the defect [in the court's original jurisdiction]; rather a court, noticing the defect, must raise the matter on its own"); *Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 539-541 (6th Cir. 2006) (holding the district court erred when it ruled on a summary judgment motion after an amended complaint destroyed diversity); *Leys v. Lowe's Home Ctrs., Inc.*, ___ F.Supp.2d ___, 2009 WL 80380 (W.D. Mich. Jan. 9, 2009) (Maloney, C.J.) (raising issue of subject matter jurisdiction *sua sponte*). Federal statutes govern the jurisdiction of federal courts. A civil action brought in state court over which a federal court would have original jurisdiction may be removed

by the defendant to the geographically appropriate district court.[1]  28 U.S.C. § 1441(a)(1).  A federal district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states or between citizens of a state and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(1)-(2).  Section 1332 requires complete diversity between plaintiffs and defendants.  *Lincoln Props. Co. v. Roche*, 546 U.S. 81, 89 (2005).  A corporation is deemed a citizen of the state in which it is incorporated *and of the state where it has its principal place of business.*  28 U.S.C. § 1332(c)(1) (emphasis added); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 161 (6th Cir. 1993); *Leys*, 2009 WL 90380 * 3.  Accordingly, corporations may be a citizen of more than one state.  *Id.*  As an unincorporated association, a partnership has the citizenship of each of its members.  *Certain Interested Underwriters at Lloyds v. Layne*, 26 F.3d 39, (6th Cir. 1994).  State citizenship for individuals is determined by their domicile.  *Safeco Ins. Co. of America v. City of White House, Tennessee*, 36 F.3d 540, 544 (6th Cir. 1994).

Defendant Thompson Meat Machinery has not established that complete diversity exists in this suit.  The Court adheres to the well established principle that "all doubts should be resolved against removal."  *Leys*, 2009 WL 80380 * 6.  The complaint and notice of removal allege Hollymatic Corporation is an Illinois corporation located in Countryside, Illinois.  Neither the complaint nor the notice of removal mention Hollymatic's principal place of business.  The complaint and notice of removal allege Thompson Meat Machinery is an Australian partnership.  Neither the complaint nor the notice of removal identify the partnership's members' domiciles.  The

---

[1] The complaint raises only a single claim for breach of contract and does not raise an issue involving a federal question.

notice of removal asserts "Defendant is not a citizen of Illinois and there is therefore complete diversity of citizenship." (Notice ¶ 7.) Because Defendant is a partnership, Defendant's citizenship is determined by the domicile of its members, which has not been alleged.

Accordingly, **IT IS HEREBY ORDERED:**

No later than 28 days after entry of this Order, Defendant Thompson Meat Machinery **SHALL SHOW CAUSE** why this action should not be remanded to the Kent County Circuit Court. Defendant **SHALL FILE** materials sufficient to establish subject matter jurisdiction over this suit. If Defendant fails to file a brief by the deadline, the action will be remanded to state court pursuant to 28 U.S.C. § 1447.

No later than 14 days after Defendant files its brief, Plaintiff Hollymatic **MAY FILE** a brief and supporting materials in opposition, explaining why this action should be remanded to state court.

Date:   April 2, 2009          /s/ Paul L. Maloney
                               Paul L. Maloney
                               Chief United States District Judge